IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

DESMOND HARRISON                                              PLAINTIFF

VERSUS                                        CAUSE NO.: CV2015-146

MTC AKA MTC, LLC; MARSHALL COUNTY CORRECTIONAL
FACILITY; WARDEN TIMOTHY OUTLAW; DEPUTY WARDEN DOTY;
SERGEANT POWELL; NURSE FURNESS;
CORRECTIONAL OFFICER HARDAWAY;
OFFICER GURLEY; JOHN DOES 1 - 10;
JANE DOES 1-10; NURSE DARNELL                         DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, DESMOND HARRISON, MDOC Inmate No. 103823 and files this Complaint, as follows:

1. Plaintiff was confined under sentence from the State of Mississippi by MTC, LLC., a for-profit company operating Marshall County Correctional Facility for MDOC at all times relevant hereto, who may be served with process of this Court by service upon their Resident Agent of Service of Process who is C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

2. Timothy Outlaw, Warden of Marshall County Correctional Facility, a corrections facility under color of law via contract with Mississippi Department of Corrections, who is, or was at all times complained of herein, acting as an agent of the State of Mississippi, who may be serviced with process of this Court wherever he may be found.

3. Deputy Warden Doty of Marshall County Correctional Facility, a corrections facility under color of law via contract with Mississippi Department of Corrections, who is, or was at all times complained of herein, acting as an agent of the State of Mississippi, who may be serviced with process of this Court wherever he may be found.



FILED
JUN 26 2015
LUCY CARPENTER
Circuit Clerk, Marshall Co., MS
BY_____ D.C.

EXHIBIT
1

4. Sargent Powell is, upon information and belief, a Correctional Officer at Marshall County Correctional Facility, hereinafter referred to as "MCCF," and, at all times pertinent hereto was supervisory employee of Defendant MTC, LLP, who may be served with process of this Court at C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendant Nurse Albertson was, at all times relevant hereto, was an employee of either MTC, LLP and/or the State of Mississippi or action under color of law by acting to treat confined prisoner of the State of Mississippi, in her individual and official capacity, who may be served with process of this Court where ever she may be found.

6. Defendant Correctional Officer Hardaway was, at all times relevant hereto, was an employee of either MTC, LLP and/or the State of Mississippi or action under color of law by acting to confine prisoners of the State of Mississippi, in his individual and official capacity, who may be served with process of this Court at C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7. Defendant Correctional Officer Gurley was, at all times relevant hereto, was an employee of either MTC, LLP and/or the State of Mississippi or action under color of law by acting to confine prisoners of the State of Mississippi, in his individual and official capacity, who may be served with process of this Court at C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

8. Defendant Nurse Darnell was, at all times relevant hereto, was an employee of either MTC, LLP and/or the State of Mississippi or action under color of law by acting to treat confined prisoners of the State of Mississippi, in her individual and official capacity, who may be served with process of this Court at C T Corporation System, 645 Lakeland East

Drive, Suite 101, Flowood, MS 39232.

9. Defendant John Does 1-15, are, upon information and belief, and at all relevant times acted as employees were employees of either MTC, LLP and/or the State of Mississippi or action under color of law by acting to confine prisoners of the State of Mississippi, in his individual and official capacity, who may be served with process of this Court at C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232

10. Defendant Jane Does 1-15, are, upon information and belief, and at all relevant times acted as employees and were employees of either MTC, LLP and/or the State of Mississippi or acting under color of law by acting to confine prisoners of the State of Mississippi, in his individual and official capacity, who may be served with process of this Court at C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## BASIS FOR FEDERAL JURISDICTION

11. Plaintiff avers Defendants, each and every one of them, acted in concert, and under color of law, to deprive him of his civil rights under 42 USC §1983, and to deprive him of reasonable medical care under defendant Marshall Fisher in his official capacity as Executive Director of the MDOC, who may be served at 723 N President St. Jackson, MS 39205, in violation of the Eight Amendment right of the United States Constitution to be free from Cruel and/or Unusual punishment(s) including wrongful refusal to provide necessary medical treatment and conspiracy to violate his Civil Rights.

## FACTUAL ALLEGATIONS

12. Plaintiff avers he was asleep in his rack on July 7, 2014 in Cell 111 of MCCF when he was stabbed twice in the head prior to being beaten and stomped by his assailant(s).

13. Plaintiff avers this assault occurred, at least partially, while the Correctional Officers were performing a prisoner count, which he heard, but the guards failed to require his cell mates to remove the covering and allow visual inspection of Plaintiff's well-being as the institutional policy requires.

14. Plaintiff avers his right eye was injured in the attack, and further, he has been passing blood with his urine from the date of the attack to the present day (as of March 30, 2015).

15. Plaintiff avers he was stabbed with a contraband knife/ice pick which Defendants conspired to allow contraband including knives, drugs, tobacco, cell phones, and other items of contraband into MCCF in violation of state law, see Mississippi Code Annotated §47-5-191 et seq., among other statutes prohibiting same.

16. Plaintiff avers the Defendants then conspired, each with the other, to stop the news of the seriousness of Plaintiff's injuries from reaching his family and to keep him from receiving the necessary medical treatment for his serious injuries.

17. Plaintiff avers his mother, Debra Harrison, and his girlfriend, Keeley Conner, made numerous attempts to obtain proper medical treatment for Harrison's injuries. Plaintiff avers he was transferred to Central Mississippi Correctional Facility where he received some treatment for his injuries, although inadequate as he still has problems with the vision in his right eye and was still passing blood with his urine as of March 30, 2015, eight months after he was stabbed.

## COUNT II

18. Plaintiff avers inmates have on more than one occasion played with their knives, knives not prison made shanks, in front of the guards, which the guards did nothing about.

19. Plaintiff avers this action, and other like it, serve as intimidation to the other, non gang affiliated prisoners. Plaintiff avers the guards have conspired with individual inmates and gangs to allow contraband of all sorts into the facility, even delivering it to inmates after a shake-down in their cell, all in contravention of institutional policy and state law.

20. Plaintiff avers supervisors named as Defendants herein were responsible for supervision o of the correctional officers, and that each participated in allowing officers to provide a conduit for contraband to get into the facility, contributing, at least in part, to Plaintiff's injuries.

## COUNT III

21. Plaintiff avers, on at least one occasion, guards conspired with Timothy Rale an inmate at MCCF to cause that inmate to assault him.

22. Plaintiff avers the guards, aware of the impending assault, videoed him being assaulted and posted the video on YouTube.

23. Plaintiff avers the video shows up under "Mr. Takeoff" on YouTube as the following web address: https://www.youtube.com/watch?v=AsFjrNU3140.

24. Plaintiff avers the guards involved in the conspiracy leading to this assault caused actual damages of such a nature that only a conspiracy to deprive one of his civil rights can. Especially when one is, like Plaintiff was at the time, in the full-time custody and control of the gang affiliated guards.

## COUNT IV

25. Plaintiff avers the Defendants, each individually, in both their official and personal/ individual capacities, acted to allow the gangs present at MCCF to run the facility and assault, and injure or kill, other inmates at will. Plaintiff avers he know at least eight

other inmates at MCCF who have been assaulted while in custody there. Two were killed.

26. Plaintiff further avers the weapon he was assaulted with on July 7, 2014, was an item of contraband, thus he was directly injured by the contraband allowed into the facility by Defendants herein.

27. Plaintiff further avers, after his injury at the hands of the gangs allowed to flourish by Defendants, Defendants conspired to buy him off offering a thing of value, either cash, extra privileges, or the promise of early release from incarceration, which actually occurred, to get him to agree to waive his right to sue, which he did not do.

## COUNT V

28. Plaintiff avers Investigator Gurley was active in transporting contraband into the facility. Plaintiff avers Green Dot cards were used as currency, or as a means to transport funds from outside the facility to the inside of the facility.

29. Plaintiff avers Defendant Gurley twice took funds from his Green Dot account, totaling $140.00, without his permission or consent.

30. Plaintiff avers Defendant Gurly said, "I don't care if your turn me in."

31. Plaintiff avers, at all times relevant hereto, Defendant Gurley was acting under authority / color of law as a prison employee at a facility where inmates of the State of Mississippi were housed under sentence of the criminal courts of the State of Mississippi.

32. Plaintiff further avers Defendant Gurley used his power to deprive Plaintiff of his civil rights, including the right to private property, and the right to due process of law and the right to be free from cruel and unusual treatment.

## DAMAGES

33. Plaintiff avers, shortly after the Mississippi Department of Corrections and/or MTC, LLP., realized the real extent of his injuries they released him onto parole, without medical assistance or provision for follow-up care, on October 27, 2014.

34. Plaintiff further avers, at the time he was released from full-time custody onto parole he still suffered from problems with the vision in his right eye, for which he had not been treated by an opthamalogist, nor had he seen a urologist or nephrologist to determine the cause of the chronic passing of blood, and sometimes blood clots, with his urine, continuing for months afterwards.

35. Plaintiff currently owes medical bills to South Central Regional Medical Center (SCRMC) and University of Mississippi Medical Center in an amount to be determined at trial hereon.

36. Plaintiff further avers he is entitled to recover attorney's fees of and from the Defendants, each of them jointly and severally, for the conspiracy they engaged in to allow contraband into, and gang control of much of the inside of MCCF, and participation in gang intimidation, either active, such as by setting up Plaintiff to be assaulted, the assault videoed, and the video posted on YouTube, or passive, such as standing idly by while inmates openly intimidated other prisoners by openly possessing and even flaunting items of contraband such as knives or cell phones or Greed Dot cards.

37. Plaintiff avers this is the second time he has been assaulted while under the supervision and control of the MDOC. Plaintiff avers he suffered an injury to his lungs during the first assault.

38. Plaintiff avers the Defendants herein refused to provide the prescribed course of

treatment for his first injury such as inhalers and/or other medications.

39. Plaintiff avers the Defendants, officers and guards, worked together to ensure not all requests for medical assistance are/were transmitted to the nurses. Plaintiff further avers the Defendant Nurses would ignore many of his requests for medical treatment.

40. Plaintiff avers the actions by Defendants, individually, and collectively as a whole, to deprived him of adequate and reasonably necessary medical treatment for his injuries, continuously from the date of his first assault through the date of his second assault on July 7, 2014, until his ultimate release on October 27, 2014, at which time Plaintiff was passing bloody urine and having problems with his eye, which continued until March 30, 2015, at least, if not longer.

41. Plaintiff further avers Defendants refused to have him seen by an opthamologist to treat his right eye after he was stabbed in the head while in custody of the Defendants at MCCF, causing irreparable harm to his eye.

### COUNT IV- UNUSUAL PUNISHMENT

42. Plaintiff avers Defendants had actual knowledge of the special danger he faced from members/ associates of the Vice Lord gang.

43. Plaintiff avers it was a member/ associate of this organization who assaulted him the first time, more than three (3) years ago, and from which he, due to inadequate medical care, in violation of Plaintiff's right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment via provision of adequate medical treatment and proper follow-up such at timely administration of medications.

44. Plaintiff avers Defendant MTC Correction, LP, began operating MCCF on August 13,

2012, and thus, with its agents and employees, all were acting under color of law by holding prisoners of the Mississippi Department of Corrections at all times relevant hereto.

45. Plaintiff avers the actions of Defendants are in violation of 42 USC §1983, by acting under color of law to conspire with each other and with inmates to deprive Plaintiff of his civil rights as set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, upon trial hereon, this Court will award him actual damages in an amount to be proven at trial, punitive damages from Defendants acting in their official capacities, plus an award of reasonable attorney's fees for the prosecution of this action, in an amount in excess of $150,000.00 under 42 USC §1983, the Eighth Amendment to the United States Constitution, conspiracy to deprive him of his civil rights, and the other causes of action stated herein.

Plaintiff prays for General Relief.

Respectfully submitted,

*[signature]*
DESMOND HARRISON

STATE OF MISSISSIPPI

COUNTY OF JONES

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named DESMOND HARRISON, hereby stating under oath that the matters and facts stated in the above Complaint are true and correct as therein stated.

*[signature]*
DESMOND HARRISON

SWORN TO and subscribed before me on this the 17th day of June, 2015.

*[signature]*
Notary Public

Prepared and Presented by:

*[signature]*

MICHAEL D. MITCHELL, MSB# 100423
422 Sawmill Road
Laurel, Mississippi 39440
Ph:  601-425-0475
Fax: 601-425-0476
mmitchellattorney39440@gmail.com