IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DESMOND HARRISON                                                                             PLAINTIFF

vs.                                        CIVIL ACTION NO. 3:16-CV-2-MPM-SAA

MTC, ET AL                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

This case alleges violations of Desmond Harrison's civil rights and of his right to receive prompt and appropriate medical care after he was attacked in his cell at the Marshall County Correctional Facility [MCCF] on July 7, 2014. Docket 2. Harrison alleges the defendants failed to properly supervise the inmates at MCCF and allowed contraband, including knives, into the facility, which were used to assault Harrison. *Id*. He also alleges the defendants allowed gang members freedom to move about the facility and possess such contraband which the defendants knew was used to assault inmates or intimidate inmates. *Id*.

On February 29, 2016 the court allowed plaintiff's counsel to withdraw from the case because counsel was unable to maintain contact with Harrison. Docket 18. In the same order, the court directed plaintiff to either (1) retain other counsel, or (2) notify the court that he intended not to prosecute his case by March 14, 2016. *Id*. Plaintiff did not respond to the Order.

On March 29, 2016 the court issued an order directing plaintiff to show cause no later than April 12, 2016 why his case should not be involuntarily dismissed as provided by Fed.R.Civ.P. 41(b) for failure to prosecute. Docket 23. Again, plaintiff did not respond to this court's Order.

A federal court has clear authority to dismiss a plaintiff's action because of his failure to

1

prosecute. *See Link v. Wabash R. Co.,* 370 U.S. 626, 629–30 (1962); *see also Lopez v. Arkansas County Independent School District,* 570 F.2d 541, 544 (5th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss any action based on a failure of the plaintiff to prosecute or comply with any order of the court. *Larson v. Scott,* 157 F.3d 1030, 1032 (5th Cir.1998). A Rule 41(b) dismissal is an adjudication on the merits. *Edwards v. City of Houston,* 78 F.3d 983, 994 (5th Cir.1996). Due to the finality of this action, the dismissal for want of prosecution should be used sparingly. *See Ramsay v. Bailey,* 531 F.2d 706, 707–08 (5th Cir1976), *cert. denied,* 429 U.S. 1107 (1977).

     In applying the sanction of dismissal, courts consider the extent to which the plaintiff, rather than counsel, is responsible for delay or failure to comply with the court's order. *Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir.1989). Here, plaintiff has wholly failed to respond to the court's February 29, 2016 and March 29, 2016 Orders. Seemingly no effort has been made to pursue plaintiff's claims in this case. Failure to move this case forward lies with the plaintiff, and he may not stand idly by and do nothing at all regarding his claims, including ignoring court orders.

     A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp,* 758 F.2d 1018 (5th Cir.1985); *Rogers v. Kroger, Co.* 669 F.2d 317 (5th Cir.1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the plaintiff. *Dorsey v. Scott Wertzel Serv. Inc.,* 84 F.3d 170,171 (5th Cir.1996). In this case, there is a pattern of lack of prosecution, which led to the withdrawal of plaintiff's counsel, and led to unanswered court Orders.

## RECOMMENDATION

Based on the foregoing, the undersigned is of the opinion that plaintiff has failed in his prosecution of this matter and has failed to move forward in the prosecution of this action; this failure is indicative of a lack of interest in pursuing this case, and it delays the expeditious resolution of other civil cases. Accordingly, the undersigned recommends that this case be dismissed without prejudice for the plaintiff's failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

The parties are referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. Pr. 72(b), and L.U.Civ.R. 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accepted by the district court..." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this, the 20th day of April, 2016.

                                                   s/ S. Allan Alexander
                                                 UNITED STATES MAGISTRATE JUDGE